**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD C. OWENS, DBA Newlight Company, | No. 21-55258 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-10512-JFW-KS |
| v. | MEMORANDUM[*] |
| NATURAL EMPHASIS LTD.; BEAMER COMPANY; SMOKE HOUSE DISTRIBUTION INC.; DISCOUNT SMOKING PRODUCTS INC.; MIQUEL Y COSTAS AND MIQUEL SA, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted February 15, 2022[**]

Before:    FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Richard C. Owens appeals pro se from the district court's judgment in his

action alleging federal and state law claims.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1067 (9th Cir. 2017) (dismissal for lack of personal jurisdiction); *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011) (summary judgment). We affirm.

The district court properly granted summary judgment for Natural Emphasis Ltd. because Owens failed to raise a genuine dispute of material fact as to whether he met the elements of any of his claims against this defendant. *See Lindsey v. SLT L.A., LLC*, 447 F.3d 1138, 1144-45 (9th Cir. 2006) (elements of a 42 U.S.C. § 1981 claim and burden-shifting analysis); *Oasis W. Realty v, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011) (elements of a breach of contract claim); *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 950 (Cal. 2003) (elements of an intentional interference with prospective economic advantage claim); *Smith v. BP Lubricants USA Inc.*, 278 Cal. Rptr. 3d 587, 594 (Ct. App. 2021) (elements of an intentional infliction of emotional distress claim); *Belasco v. Wells*, 183 Cal. Rptr. 3d 840, 852 (Ct. App. 2015) (elements of a fraud claim); *Peterson v. Cellco P'ship*, 80 Cal. Rptr. 3d 316, 323 (Ct. App. 2008) (elements of an unjust enrichment claim); *Tuchscher Dev. Enters., Inc. v. San Diego Unified Port Dist.*, 132 Cal. Rptr. 2d 57, 73 (Ct. App. 2003) (elements of an intentional interference with contract claim).

The district court properly dismissed Owens's action against the remaining defendants because Owens failed to allege facts sufficient to establish that those

defendants had such continuous and systematic contacts with California to establish general personal jurisdiction, or sufficient claim-related contacts with California to provide the court with specific personal jurisdiction. *See Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020-25 (9th Cir. 2017) (requirements for general and specific personal jurisdiction).

The district court did not abuse its discretion in denying Owens's motion for post-judgment relief because Owens failed to demonstrate any basis for relief. *See Sch. Dist. No. 1J Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (standard of review and grounds for reconsideration).

We do not consider matters not specifically and distinctly raised in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as unsupported by the record Owens's contention that he was unfairly surprised by Natural Emphasis's summary judgment motion or improperly denied discovery.

**AFFIRMED.**